**SNYDER LAW, LLP**
**Sean R. Burnett (SB# 227952)**
**Stacey L. Walker (SB# 311108)**
5383 Hollister Avenue, Suite 240
Santa Barbara, California 93111
Telephone No.: 805.692.2800
Facsimile No.: 805.692.2801
sburnett@snyderlaw.com
swalker@snyderlaw.com

Attorneys for Defendant TARGET CORPORATION

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

DONNA FONSECA,

      Plaintiff,

v.

TARGET CORPORATION; and/or
DOES 1 to 50, inclusive,

      Defendants.
_____/

Case No. 2:17-cv-0443 AB (JPRx)

Hon. Andre Birotte, Jr.
Magistrate: Jean P. Rosenbluth

**STIPULATED PROTECTIVE ORDER**

      IT IS HEREBY STIPULATED AND AGREED, by the undersigned attorneys for the respective parties, that with regard to material disclosed in the course of the above-captioned lawsuit ("Lawsuit") which the parties in good faith believe constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the following procedures shall govern:

      1.    This Order is meant to encompass all forms of pretrial disclosure which may contain Confidential Material, including any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript, inspection and all other tangible items (electronic media, photographs, videocassettes, etc.).

///

2.     The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such materials "Confidential". If any material has multiple pages, this designation need only be placed on the first page of such material and on each page containing confidential material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel in this Lawsuit, and the Court.

3.     Any material designated as confidential pursuant to paragraph 2 above shall be used solely for the purposes of this Lawsuit and for no other purpose.

4.     Prior to disclosure of any Confidential Material, each person to whom disclosure is to be made shall execute a written "Confidentiality Agreement" (in the form attached hereto as Exhibit 1) consenting to be bound by the terms of this Order.  The parties and counsel for the respective parties (including legal assistants and other personnel) are deemed to be bound by this Order and are not required to execute a Confidentiality Agreement.  The Court and its personnel are not subject to this requirement.

5.     Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material.  Upon dissemination of any Confidential Material, each non-designating counsel of record in this Lawsuit shall maintain a written record as to:  (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as by "Bates stamp" number). Such record shall be made available to the designating party upon request.

6.     If additional persons become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

7.     In the event that any question is asked at a deposition that calls for the disclosure of Confidential Material, the witness shall answer such question (unless

**STIPULATED PROTECTIVE ORDER**

SNYDER LAW, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant this Order. Deposition testimony may be designated as confidential following the testimony having been given provided that: (1) such testimony is identified and designated on the record at the deposition, or (2) non-designating counsel is notified of the designation in writing within thirty days after receipt by the designating party of the respective deposition transcript. All deposition transcripts in their entirety shall be treated in the interim as "Confidential" pursuant to paragraph 2 above. When Confidential Material is incorporated in a deposition transcript, the party designating such information confidential shall make arrangements with the court reporter not to disclose any information except in accordance with the terms of this Oder.

8. If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall be asked to sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

9. With respect to any communications to the Court, including any pleadings, motions or other papers, all documents containing Confidential Material shall be communicated to the Court in a sealed envelope or other appropriate sealed container on which shall be written the caption of this Lawsuit, an indication of the nature of the contents of the sealed envelope or container, and the words "CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER". All communications shall indicate clearly which portions are designated to be "Confidential". To the extent any provision of this paragraph conflicts with the Federal Rules of Civil Procedure or the Court's Local Rules, including Local Rule 79-5, the Federal Rules of Civil Procedure or Local Rules shall be followed.

**SNYDER LAW, LLP**
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

**STIPULATED PROTECTIVE ORDER**

10.     If a non-designating party is subpoenaed or ordered to produce Confidential Material by another court or administrative agency, such party shall, unless prohibited by law, promptly notify the designating party of the pending subpoena or order and shall not produce any Confidential Material until the designating party has had reasonable time to object or otherwise take appropriate steps to protect such Confidential Material.

11.     If a party believes that any Confidential Material does not contain confidential information, it may contest the applicability of this Order to such information by notifying the designating party's counsel in writing and identifying the information contested.  Any such objection or motion must be in strict compliance with Local Rule 37.  Information that is subject to a dispute as to whether it is properly designated shall be treated as designated in accordance with the provisions of this Order until the Court issues a ruling.  To the extent any provision of this paragraph conflicts with the Federal Rules of Civil Procedure or the Court's Local Rules, the Federal Rules of Civil Procedure or the Court's Local Rules shall be followed.

12.     Inadvertent failure to designate any material "Confidential" shall not constitute a waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fifteen days after discovery of the inadvertent failure.  At such time, arrangements shall be made by the parties to designate the material "Confidential" in accordance with this Order.

13.     This Order shall be without prejudice to the right of any party to oppose production of any information or object to its admissibility into evidence.

14.     When any counsel of record in this Lawsuit or any attorney who has executed a Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall meet and confer with opposing counsel to attempt to resolve the issue and then may report that there may have been a

SNYDER LAW, LLP
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

**STIPULATED PROTECTIVE ORDER**

violation of this Order to the Court and all counsel of record in compliance with Local Rule 37.

///

15.     Within thirty days after the termination of this Lawsuit (whether by dismissal or final judgment), all Confidential Material (including all copies) shall be returned to counsel for the designating party.  In addition, counsel returning such material shall execute an affidavit verifying that all Confidential Material produced to such counsel and any subsequently made copies are being returned in their entirety pursuant to the terms of this order.  Such a representation fully contemplates that returning counsel has:  (1) contacted all persons to whom that counsel disseminated Confidential Material, and (2) confirmed that all such material has been returned to disseminating counsel.

IT IS SO STIPULATED AND AGREED.


Dated: September 11, 2017          LAW OFFICES OF MAURO FIORE, JR.

/s/ Mauro Fiore, Jr.
_____
By: Mauro Fiore, Jr.
Attorney for Plaintiff Donna Fonseca


Dated: September 20, 2017          SNYDER LAW, LLP

/s/ Sean R. Burnett
_____
By: Sean R. Burnett / Stacey L. Walker
Attorneys for Defendant Target
Corporation

///

///

///

**SNYDER LAW, LLP**
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

**STIPULATED PROTECTIVE ORDER**

///

**STIPULATED PROTECTIVE ORDER**

**SNYDER LAW, LLP**
5383 Hollister Avenue
Suite 240
Santa Barbara, CA 93111

# [~~PROPOSED~~] ORDER

Good cause appearing therefor, the foregoing Stipulation Protective Order is declared the Order of the Court.

IT IS SO ORDERED.

Dated: October 11, 2017

_____
Hon. Jean P. Rosenbluth
UNITED STATES MAGISTRATE JUDGE

**[PROPOSED] ORDER**

# EXHIBIT 1

# Confidentiality Agreement

**I hereby attest to the following:**

1. It is my understanding that confidential information will be provided to me pursuant to the terms and restrictions of the Protective Order entered in *Donna Fonseca v. Target Corporation*, by the United States District Court, Central District of California ("Court").

2. I have been given a copy of and have read the Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such confidential information, and that I hereby agree to be bound by it.

3. I further agree that I shall not disclose such confidential information to others, except in accordance with the Protective Order.

4. It is my understanding that if I fail to abide by the terms of the Protective Order then I may be subject to sanctions imposed by the Court for such a failure.

5. I hereby consent to the jurisdiction of the Court for purposes of enforcing the Protective Order.


Dated: _____


Signature: _____


Printed Name: _____